UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **COUNTRYSIDE BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No: 2:20 CV 256 |
| | ) |
| **CENTRAL MARKET OF INDIANA,** | ) |
| **INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

This is the third time that this case has been removed to federal court. It has been remanded to state court twice for want of jurisdiction. This matter is now before the court on plaintiff's motion to once again remand the case. (DE # 5.) For the reasons that follow, plaintiff's motion will be granted.

**I.   BACKGROUND**

Countryside Bank[1] filed this mortgage foreclosure action on December 27, 2017, in the Lake County Superior Court. (DE # 3.) The state court complaint alleges state law causes of action for fraud, breach of promissory notes and mortgages, and seeks remedies under state law. (*Id.*)

On April 4, 2018, defendant Zafar Sheikh, removed the state court action on the basis of federal question jurisdiction. *Countryside Bank v. Naseer, et al.*, 2:18-cv-132-TLS-

---

[1] Plaintiff represents that Countryside Bank's interest in the subject matter of the proceedings was acquired by Hinsdale Bank & Trust Company. For the sake of clarity, Hinsdale Bank & Trust Company will hereafter be referred to as "plaintiff."

JEM, DE # 1 (N.D. Ind. filed Apr. 4, 2018). On May 15, 2018, Judge Lozano remanded the case back to the Lake County Superior Court on the ground that the complaint did not plead any federal claim. *Id.* at DE # 15.

On September 17, 2018, defendant Sean Sheikh removed the case to federal court on the basis of diversity jurisdiction. *Countryside Bank v. Naseer, et al.*, 2:18-cv-347-TLS-JEM, DE # 2 (N.D. Ind. filed Sept. 17, 2018). On February 5, 2020, Judge Springmann remanded the case back to the Lake County Superior Court on the ground that the court lacked diversity jurisdiction. *Id.* at DE # 58.

On July 8, 2020, defendant Central Market of Indiana, Inc. (CMI) once again removed the state court action, in the case now before this court. (DE # 1.) The purported basis for the present removal is federal question jurisdiction. (*Id.*)

Plaintiff now moves to remand this case for a third time, on the basis that: (1) the notice of removal is untimely; and (2) the state court complaint does not present any federal question and thus this court lacks subject matter jurisdiction. (DE # 5.) The court will address the question of jurisdiction first.

## II.  LEGAL STANDARD

Unless Congress provides otherwise, a state claim can be removed to federal court only if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum

2

in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

CMI removed this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "It is well established that such a federal question must be apparent on the face of the plaintiff's well-pleaded complaint." *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013), *as amended* (Apr. 29, 2013).

"[A] case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "But even where a claim finds its origins in state rather than federal law . . . we have identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* Where all four of these requirements are met, "jurisdiction

3

is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313-14 (2005)).

In this case, there is no dispute that federal law does not create any of the causes of action identified on the face of plaintiff's well-pleaded complaint. Rather, CMI argues that this court may exercise jurisdiction under § 1331 because plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. CMI argues, "although Hinsdale Bank seeks relief that seems to be relying on a default of a mortgage loan, and ostensibly relies on theories which are posited as state law claims, they fail to allege that when the Countryside bank granted the loan, it violated not one but a plethora of federal laws." (DE # 22 at 6.) CMI then sets forth the factual allegations alleged in its counterclaims and affirmative defenses. In fact, the statutes CMI cites as the basis for federal question jurisdiction,[2] are the very same statutes identified in CMI's counterclaims against plaintiff. (*See* DE # 2.)

While CMI claims that there is a substantial issue of federal law that confers jurisdiction over this case, in reality CMI attempts to establish federal jurisdiction based

---

[2] CMI's notice of removal asserts that the state court complaint presents federal questions under 18 U.S.C. § 1962(c)-(d) (Federal RICO statute), 15 U.S.C. § 1692 (Fair Debt Collection Practices Act), 15 U.S.C. § 1691 (Equal Credit Opportunity Act), and 42 U.S.C. § 3601 (Fair Housing Act). (DE # 1 at 2.)

4

on its counterclaims and/or affirmative defenses. However, federal defenses or counterclaims to a state law claim do not provide a basis for removal. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."); *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("Section 1441(a) . . . does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action.").

CMI points to three cases in support of its argument that a substantial question of federal law confers jurisdiction over this case. None of these cases are at all similar to the case now before this court. In *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, the Supreme Court held that federal jurisdiction existed over a state law claim where, apart from the procedural device (a state law quiet-title action), the only remaining issues arose under federal law, with the potential to affect the national government's interests. 545 U.S. 308, 315 (2005) ("Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case.").

5

CMI also points to *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463 (7th Cir. 2015) and *Price v. Pierce*, 823 F.2d 1114 (7th Cir. 1987). The Seventh Circuit found that federal jurisdiction existed in these cases because the resolution of the cases turned on significant issues of federal law, and involved a "context-free inquiry into the meaning of federal law." *Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007) (discussing *Evergreen*); *see also Evergreen*, 776 F.3d at 467 ("While state law may create the breach-of-contract causes of action, the only disputed issues involve the proper interpretation of Section 8 and HUD's implementing guidance[.]"); *Price*, 823 F.2d at 1120 ("The argument for a federal rule is particularly strong in these housing cases; as . . . it would be odd to think that a suit by tenants and applicants for federally subsidized housing against developers of such housing for breach of contracts approved by HUD and fundamental to the achievement of HUD's objectives under section 1437f would have to be brought in state court and decided in accordance with state contract law.").

In this case, it is not federal law that defines the parties' obligations to each other, but their own agreements. State law is not merely a procedural device; the questions at issue in plaintiff's state law complaint are fact-bound and situation-specific. *See Empire Healthchoice Assur.*, 547 U.S. at 701. On the face of the well-pleaded complaint, plaintiff has asserted only state law causes of action, none of which necessarily depend upon the resolution of federal law. As master of its complaint, plaintiff was entitled to its forum of choice and to frame the nature of its claims and requested relief. CMI had the burden

6

of demonstrating the existence of original jurisdiction so as to make removal to this court proper. It has failed to do so. CMI's argument that there is a substantial question of federal law is merely an attempt to do an end-run around the rule against removal based on federal defenses and counterclaims.

CMI also argues that the court must consider that federal courts may be more familiar with the federal statutes that CMI alleges (in its counterclaims) that plaintiff violated. (DE # 22 at 12.) Both the Supreme Court and the Seventh Circuit have rejected the argument that a district court should exercise federal jurisdiction on the basis that the state court would be required to interpret federal law. *See Gunn*, 568 U.S. 263 ("Nor can we accept the suggestion that the federal courts' greater familiarity with patent law means that legal malpractice cases like this one belong in federal court."); *Hays v. Cave*, 446 F.3d 712, 714 (7th Cir. 2006) ("[T]here is nothing unusual about a court having to decide issues that arise under the law of other jurisdictions; otherwise there would be no field called 'conflict of laws' and no rule barring removal of a case from state to federal court on the basis of a federal defense.").

Finally, CMI also raises a wholly undeveloped argument that plaintiff has artfully pled its complaint so as to disguise any federal claims, and therefore removal is proper. (DE # 22 at 4.) "Plaintiffs [] may not avoid removal to federal court by omitting necessary federal questions from their complaints through artful pleading. While plaintiffs are entitled to omit federal claims from their complaints so as to avoid federal jurisdiction, they may not omit necessary federal elements of an included claim." *Ne.*

7

*Rural Elec. Membership Corp.*, 707 F.3d at 890; *see also Franchise Tax Bd. of State of Cal.*, 463 U.S. at 22. "Put another way, a 'plaintiff cannot frustrate a defendant's right to remove by pleading a case without reference to any federal law when the plaintiff's claim is necessarily federal.'" *Ne. Rural Elec. Membership Corp.*, 707 F.3d at 890 (quoting 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3722 (4th ed.)). "[I]f federal law creates the claim on which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal." *Hays*, 446 F.3d at 713. Yet, CMI fails to explain how plaintiff artfully pled its complaint, and appears to have conflated this argument with its argument regarding the existence of a substantial question of federal law.

CMI has failed to establish that this court may exercise jurisdiction over this action pursuant to § 1331.[3] Accordingly, the case must be remanded to state court.

B.     Sanctions

Both parties have filed motions for Rule 11 sanctions against their opposing counsel. (DE ## 13, 15.) Rule 11 of the Federal Rules of Civil Procedure prohibits an attorney from presenting a pleading to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Further, an attorney may only submit "claims, defenses, and other legal contentions" that are "warranted by existing law or by a nonfrivolous argument for

---

[3] It has already been determined during a prior removal that there is no jurisdiction pursuant to 28 U.S.C. § 1332. *See Countryside Bank*, 2:18-cv-347-TLS-JEM at DE # 58. CMI sets forth no additional basis for jurisdiction.

extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The court finds that Rule 11 sanctions are not warranted in this case, and both motions will be denied.

## IV. CONCLUSION

For the foregoing reasons, the court:

1. **GRANTS** plaintiff Countryside Bank's motion to remand (DE # 5);

2. **REMANDS** this case to the Lake County Superior Court;

3. **DENIES** plaintiff Countryside Bank's motion for sanctions (DE # 13);

4. **DENIES as moot** defendant Central Market of Indiana, Inc.'s motion to amend/correct and answer (DE # 9);

5. **DENIES as moot** defendant Central Market of Indiana, Inc.'s motion to disqualify counsel (DE # 10); and

6. **DENIES** defendant Central Market of Indiana's motion to sanction (DE # 15).

**SO ORDERED.**

Date: September 21, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT